**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

COURTNEY DAVIS,
  Plaintiff,

    v.

DELTA AIR LINES, INC.,
  Defendant.

Civil Action No.
1:24-cv-05827-SDG

**OPINION AND ORDER**

This matter is before the Court on the Non-Final Report and Recommendation (R&R) of United States Magistrate Judge John K. Larkins III [ECF 26], which recommends that the partial motion to dismiss filed by Defendant Delta Air Lines, Inc. [ECF 14] be granted. Plaintiff Courtney Davis filed objections, and Delta filed a response. After careful consideration, Davis's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.    Applicable Legal Standard

A party challenging a R&R issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

When a litigant chooses to proceed *pro se*, her pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding

that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.    Discussion

The factual and procedural background of this case are fully set out in the R&R.[1] Davis, proceeding *pro se*, raises three objections to the R&R,[2] namely that: (1) her ADA claims prior to December 2, 2023 should not be dismissed as untimely because she alleges a continuing pattern of discriminatory and retaliatory conduct; (2) her Title VII claims should not be dismissed for insufficient factual allegations because the First Amended Complaint (FAC) gives "fair notice of the basis for

---

[1]    ECF 26, at 2–11.

[2]    While Davis also objects to Judge Larkins' denial of her leave to amend, this ruling was not part of Judge Larkins' R&R and therefore undersigned does not review it as if it were part of the R&R. *See* ECF 26, at 12 ("[T]he motion for an extension of time to file an amended complaint is **DENIED**."); *id.* at 22 n.8. *See also* 28 U.S.C. § 636(b)(1)(A) (permitting a district judge to designate a magistrate judge to "hear and ***determine***" pretrial matters, which the district judge has discretion to reconsider for clear error); N.D. Ga S.O. No. 18-01 (automatically referring specified cases, including cases that contain Title VII or ADA claims, to a magistrate judge). Undersigned finds no clear error in Judge Larkins' ruling.

discrimination"; and (3) dismissal of her negligence and infliction of emotion distress (IIED) claims should be without prejudice.[3]

### A. The R&R did not err in concluding that Davis's ADA claims prior to December 2, 2023 are untimely.

Davis argues in her first objection that her ADA claims prior to December 2, 2023 should not be dismissed as untimely because she alleges "a continuing pattern of discriminatory and retaliatory conduct—including ongoing failures to accommodate and escalating discipline—culminating in her termination."[4] The R&R did not err in its untimeliness conclusion. The very case she cites, *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002), makes clear that "discrete acts," such as many of the ones she claims (the denial of requested accommodations, disciplinary actions), cannot give rise to a continuing violation. *See also Abram v. Fulton Cnty. Gov't*, 598 F. App'x 672, 676 (11th Cir. 2015) (stating that each specific instance of an employer's denial of a requested accommodation is a discrete act of discrimination); *Jimenez v. U.S. Att'y Gen.*, 146 F.4th 972, 992 (11th Cir. 2025) (quoting *Morgan*, 536 U.S. at 113–14) ("Each discrete adverse employment decision, such as 'termination, failure to promote, denial of transfer, or refusal to hire,' is 'a separate actionable unlawful employment practice' that starts 'a new

---

[3]    ECF 28.

[4]    *Id.* at 2–3.

clock for filing charges alleging that act.'"). Nor has Davis provided reasons why equitable tolling is applicable. *See generally Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (noting that the plaintiff "bears the burden of proving that equitable tolling of the limitations period is appropriate"). Accordingly, Davis's first objection is overruled.

### B.    The R&R did not err in concluding that Davis's Title VII claims lack a sufficient factual basis.

Davis argues that her Title VII claims should not be dismissed because the FAC alleged that she "was disciplined and denied accommodations while similarly situated employees outside her protected classes were not."[5] The FAC makes no such allegations. While Davis checked the boxes for race/color and sex discrimination on her *Pro Se* Employment Discrimination Complaint Form,[6] her factual allegations in the FAC include zero mention of race, color, or sex;[7] indeed, on the form, she did not even check the box for "working under terms and conditions of employment that differed from similarly situated employees."[8] The R&R therefore properly concluded that Davis's Title VII discrimination claims should be dismissed.

---

[5]    *Id.* at 2.

[6]    ECF 4, at 6.

[7]    *Id.* at 7–10.

[8]    *Id.* at 6.

Davis, citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–14 (2002), counters that her Title VII claims pass muster because she is only required to "give fair notice of the basis for discrimination." However, *Swierkiewicz* was decided prior to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which abrogated the fair notice pleading standard on which *Swierkiewicz* relied. *See Woods v. City of Greensboro*, 855 F.3d 639, 647–48 (4th Cir. 2017) (discussing how *Swierkiewicz*'s "fair notice" requirement for Title VII claims is inconsistent with *Twombly* and *Iqbal*). Davis's checking of two boxes yet no factual allegations as to race, color, or sex do not meet the plausibility pleading standard required in federal court—indeed, she does not even meet the fair notice standard of previous eras. Accordingly, Davis's second objection is overruled.

### C.    The R&R did not err in concluding that Davis's negligence and IIED claims should be dismissed with prejudice.

Davis's third objection, addressing her state law negligence and IIED claims, argues that "if the Court finds the current allegations insufficient, dismissal should be without prejudice."[9] Undersigned interprets this allegation as objecting only to the dismissal of her state law claims with prejudice.[10] Davis requests that she be

---

[9]    ECF 28, at 2.

[10]    To the extent that Davis may have intended this objection to challenge the R&R's conclusion on the factual sufficiency of the FAC, it lacks the specificity required of objections under Rule 72(b)(2) of the Federal Rules of Civil Procedure. *See also Schultz*, 565 F.3d at 1361 ("[G]eneral objections need not be

given an opportunity to replead her state law claims. Prior to the R&R being entered, Davis filed a procedurally improper "motion for extension of time to file amended complaint,"[11] which Judge Larkins denied in the same entry as the R&R.[12] Under Rule 15, a party may amend its pleading once as a matter of course, but all other amendments must have "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Davis is correct in asserting that the court should freely grant leave to amend when justice so requires, *see id.* 15(a)(2), but "[a] district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Having reviewed the R&R, undersigned agrees with its conclusion that Davis's state law negligence and IIED claims fail because they improperly piggyback on alleged violations of the ADA. Specifically, the R&R correctly states that "there is no common law duty to prevent discrimination in employment,"[13] such that her negligence claim fails, and that "[g]enerally, Georgia law does not

---

considered by the district court.") (internal citations omitted).

[11] ECF 23.

[12] ECF 26, at 23.

[13] *Id.* at 17 (quoting *Bahrami v. Maxie Price Chevrolet-Oldsmobile, Inc.*, 2014 WL 11517837, at *27 (N.D. Ga. Aug. 4, 2014) (collecting cases)). *See also Smith v. Outdoor Network Distribution, LLC*, 626 F. Supp. 3d 1320, 1347–48 (M.D. Ga. 2022) (collecting cases).

consider adverse employment actions 'extreme or outrageous,'"[14] such that her IIED claim fails.

As such, even if Davis were to replead and allege additional facts, amendment here would be "futile." As described in the R&R, the facts allegedly giving rise to these state law claims are the same facts on which Davis premises her ADA claims. Undersigned therefore overrules Davis's third objection.

## III.   Conclusion

Davis's objections to the R&R [ECF 28] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 26] as the Order of this Court. Delta's partial motion to dismiss [ECF 14] is **GRANTED**. Davis's Title VII claims and state-law claims for negligence and IIED are **DISMISSED with prejudice**. Davis's ADA claims are **DISMISSED with prejudice** to the extent that they are based on actions that occurred before December 2, 2023. Davis's ADA claims based on actions allegedly occurring on or after December 2, 2023 are allowed to proceed.

Delta is **ORDERED** to file its answer to the remaining claims in the FAC within 14 days of this Order.

---

[14]   *Id.* at 18 (quoting *Pierri v. Cingular Wireless, LLC*, 397 F. Supp. 2d 1364, 1381 (N.D. Ga. 2005) (collecting cases)).

The Clerk is **DIRECTED** to re-submit this case to Judge Larkins for further proceedings.

**SO ORDERED** this 31st day of March, 2026.

_____
Steven D. Grimberg
United States District Judge